UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TAMEICH JOAQUIN DANIEL,

    Defendant-Movant,

v.

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.

_____/

Case No. 1:25-cv-402

Honorable Robert J. Jonker

**OPINION AND ORDER**

Currently pending before the Court is Defendant-Movant Tameich Joaquin Daniel ("Defendant")'s *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1) In an order (ECF No. 3) entered on April 17, 2025, the Court directed Defendant to show cause, within 28 days, why his § 2255 motion should not be dismissed as untimely. More than 28 days have passed, and Defendant has not filed a response to the Court's order to show cause. Because Defendant has failed to demonstrate cause to excuse his untimely § 2255 motion, the Court will dismiss the § 2255 motion as untimely for the reasons set forth below.

**I.    Background**

On November 15, 2017, Defendant was charged in a one-count Indictment with being a felon in possession of a loaded firearm, in violation of 18 U.S.C. § 922(g)(1). *See* Indictment, *United States v. Daniel*, No. 1:17-cr-238 (W.D. Mich.) (ECF No. 1). On December 13, 2017, a grand jury returned a Superseding Indictment charging Defendant with the same offense. *See* Superseding Indictment, *id.* (ECF No. 17).

On March 12, 2018, the parties filed a plea agreement in which Defendant agreed to plead guilty to the Superseding Indictment. *See* Plea Agreement, *id.* (ECF No. 34). The plea agreement set forth that Defendant was subject to the enhanced penalties set forth in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), because he had been "convicted of three or more violent felonies and serious drug offenses." *Id.* (ECF No. 34, PageID.61). Defendant, therefore, faced a mandatory minimum term of 15 years' imprisonment and a maximum term of life. *Id.* The parties appeared before the undersigned for Defendant's change of plea hearing on March 12, 2018. On August 3, 2018, the Court sentenced Defendant to 188 months' incarceration, to be followed by three years of supervised release. *See* J., *id.* (ECF No. 52).

Defendant appealed to the United States Court of Appeals for the Sixth Circuit, arguing that his sentence was "substantively unreasonable because the trial court based it on the erroneous belief that he has a 'disturbing' criminal history involving firearms and violent acts." *See United States v. Daniel*, 778 F. App'x 384, 385 (6th Cir. 2019). On July 8, 2019, the Sixth Circuit rejected Defendant's argument and affirmed his conviction and sentence. *Id.* Defendant did not petition the United States Supreme Court for a writ of certiorari.

On September 19, 2023, the Court received from Defendant a *pro se* motion to alter judgment. *See* Mot., *United States v. Daniel*, No. 1:17-cr-238 (W.D. Mich. (ECF No. 70). In an order entered on November 7, 2023, the Court denied Defendant's motion without prejudice to Defendant's right to file a § 2255 motion. *See* Order, *id.* (ECF No. 71). The Court received Defendant's § 2255 motion (ECF No. 1) on April 11, 2025. Defendant raises the following grounds for relief in his § 2255 motion:

> I.   The Court erred by sentencing Defendant under the ACCA because the sentence relied upon "judicial findings rather than jury determinations of [Defendant's] prior convictions" and, therefore violated Defendant's rights under the Sixth Amendment.

3

 II.  Defendant's 2007 Michigan state convictions for distribution, as well as his prior assault conviction, no longer qualify as predicate offenses under the ACCA.

 III.  The third-point reduction under U.S.S.G. § 3E1.1(b) is "unconstitutional in light of recent clarification under sentencing guidelines and the rights afforded to defendants."

 IV.  Counsel was ineffective for: (1) failing to object to the Presentence Investigation Report (PSR); (2) failing to object to procedural errors; (3) failing to object to the "illegitimate ACCA enhancements"; and (4) failing to present Defendant's mental health records to support a downward departure pursuant to U.S.S.G. § 5K2.13.

 V.  Defendant's conviction for being a felon in possession of a firearm is no longer constitutional under the Second Amendment pursuant to the Supreme Court's recent decision in *New York State Rifle and Pistol Association v. Bruen*, 597 U.S. 1 (2022).

(§ 2255 Mot., ECF No. 1, PageID.13–14.)

**II. Statute of Limitations**

Under § 2255(f), a one-year limitations period applies to § 2255 motions, and that period starts to run from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

 **A. Timeliness Under § 2255(f)(1)**

As noted *supra*, the Sixth Circuit affirmed Defendant's conviction and sentence on July 8, 2019. Thus, for purposes of § 2255(f)(1), Defendant's judgment of conviction became final "upon

the expiration of the 90-day period in which [he] could have petitioned for certiorari to the Supreme Court." *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)). The 90-day period expired on Monday, October 7, 2019. *See* Fed. R. Civ. P. 6(a)(1)(C) (noting that when the last day of a period stated in days falls on a Saturday, Sunday, or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Thus, Defendant had one year from October 7, 2019, or until Wednesday, October 7, 2020, to file a timely § 2255 motion.

Under Sixth Circuit precedent, a § 2255 motion is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Defendant avers that he placed his § 2255 motion in the prison mailing system for mailing to this Court on March 25, 2025. (§ 2255 Mot., ECF No. 1, PageID.12.) The § 2255 motion, therefore, is deemed filed as of that date. Thus, under § 2255(f)(1), Defendant's § 2255 motion is untimely by more than four years.

      **B.**      **Belated Commencement Under § 2255(f)(2)–(4)**

As set forth above, § 2255(f)(2)–(4) permit belated commencement of the limitations period under certain circumstances. Here, Defendant does not assert that he was impeded in filing his § 2255 motion in a timely manner by any governmental action. As one of his grounds for relief, Defendant asserts that his conviction is now unconstitutional pursuant to the Supreme Court's decision in *Bruen*. The Court, therefore, will construe Defendant's § 2255 motion as asserting a basis for belated commencement under § 2255(f)(3). Moreover, Defendant references § 2255(f)(4) as a basis for belated commencement. (§ 2255 Mot., ECF No. 1, PageID.13.)

      **1.**      **Section 2255(f)(3)**

As noted above, § 2255(f)(3) permits the limitations period to begin on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

5

recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f)(3). On June 23, 2022, the Supreme Court held that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 10 (2022). The Supreme Court noted that this conclusion was consistent with its precedents issued in 2008 and 2010. *See id.* The Court also set forth the standard of review to apply when analyzing firearms regulations. *See id.* at 17. Since then, numerous federal prisoners have attempted to rely on *Bruen* to challenge the constitutionality of their § 922(g)(1) convictions. Nevertheless, even assuming *arguendo* that *Bruen* announced a new right that is retroactively applicable, Defendant's § 2255 motion is still untimely under § 2255(f)(3), as it was filed well after June 23, 2023, the date marking one year after *Bruen* was decided.

    **2.**  **Section 2255(f)(4)**

Section 2255(f)(4) provides that the limitations period begins on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). This standard "does not require the maximum feasible diligence, only due, or reasonable, diligence." *Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013) (internal quotation marks omitted) (quoting *DiCenzi v. Rose*, 452 F.3d 465, 470 (6th Cir. 2006)). Moreover, the question is "not when prisoners first learned of the new evidence; it is when they should have learned of the new evidence had they exercised reasonable care." *Rucker v. Genovese*, 834 F. App'x 126, 127 (6th Cir. 2020). The burden of demonstrating due diligence falls on the petitioner. *See Johnson v. United States*, 457 F. App'x 462, 468 (6th Cir. 2012) (quoting *DiCenzi*, 452 F.3d at 471).

Here, Defendant contends that he is entitled to belated commencement under § 2255(f)(4) based upon "recent decisions articulating the requirements for ACCA predicates." (§ 2255 Mot.,

6

ECF No. 1, PageID.13.) In support of his argument, Defendant cites *Borden v. United States*, 593 U.S. 420 (2021); *Mathis v. United States*, 579 U.S. 500 (2016); and *Descamps v. United States*, 570 U.S. 254 (2013). (*Id.*) He also suggests that "recent clarification around sentencing guidelines" supports his argument that the third-point reduction under U.S.S.G. § 3E1.1(b) is unconstitutional. (*Id.*)

Unfortunately for Defendant, discovery of a new legal theory "does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)." *See Barreto-Barreto v. United States*, 551 F.3d 95, 100 n.4 (1st Cir. 2008); *see also United States v. Collins*, 364 F. App'x 496, 498 (10th Cir. 2010) ("Section 2255(f)(4) speaks to discovery of facts supporting a claim, not a failure to appreciate the legal significance of those facts."). The Sixth Circuit has explicitly stated that § 2255(f)(4) is "directed at the discovery of new facts, not newly discovered law." *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013); *see also Woodley v. United States*, No. 04-80335, 2016 WL 4701464, at *4 (E.D. Mich. Sept. 8, 2016) (noting that "delayed realization of the precise manner in which the sentencing court allegedly misapplied the Sentencing Guidelines in determining his sentence does not qualify as a discovery of new 'facts' that would warrant a renewed one-year period under § 2255(f)(4)").

Here, Defendant's arguments in support of § 2255(f)(4) rely upon Defendant's assertions of newly discovered legal theories, not newly discovered facts. Moreover, even if new legal theories qualified as discoverable facts for purposes of § 2255(f)(4), the Supreme Court cases relied upon by Defendant and the theories set forth therein were decided well more than one year before Defendant filed his § 2255 motion. Defendant, therefore, is not entitled to belated commencement under § 2255(f)(4).

7

### C.     Equitable Tolling

The one-year limitations period applicable to § 2255 motions may be equitably tolled. *See United States v. Asakevich*, 801 F.3d 418, 420–21 (6th Cir. 2016). Equitable tolling, however, is applied "sparingly and 'only if two requirements are met.'" *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012). To be entitled to equitable tolling, a movant must show that he diligently pursued his rights, and he must show that some extraordinary circumstances prevented him from timely filing his § 2255 motion. *See Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013). The Supreme Court has explained that the diligence element "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 257 (2016).

Defendant has not raised any arguments regarding equitable tolling. The fact that Defendant is untrained in the law, is proceeding without an attorney, or may have been unaware of the statute of limitations also does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling." (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991))).

Moreover, the United States Court of Appeals for the Fifth Circuit has found "no reason to differentiate equitable tolling from diligence under § 2255(f)(4)." *See United States v. Rodriguez*, 858 F.3d 960, 963 n.4 (5th Cir. 2017); *see also Badillo v. United States*, No. 2:11-cv-354, 2013 WL 2297172, at *4 (M.D. Ala. Apr. 30, 2013) ("Suffice it to say, however, that the same failure to demonstrate the due diligence required by § 2255(f)(4) prevents [the defendant] from availing himself of the benefits of equitable tolling."). As discussed *supra*, Defendant has not demonstrated

8

that he diligently pursued his rights. Moreover, Defendant has not cited any extraordinary circumstances that prevented him from timely filing his § 2255 motion. Thus, at this time, the Court cannot conclude that Defendant is entitled to equitable tolling of the limitations period.

### D. Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327) (addressing actual innocence as an exception to procedural default). The showing must be based on "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

Actual innocence, however, "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Here, Defendant offers no new evidence of actual innocence. Instead, his assertion that his conviction is unconstitutional under *Bruen* is akin to an argument regarding legal insufficiency, as is his argument that he was improperly sentenced pursuant to the ACCA. Thus, because Defendant does not provide any evidence to meet the standard under *Schlup*, it does not appear that actual innocence applies to excuse Defendant's untimely filing.

9

In sum, Defendant's § 2255 motion is untimely under § 2255(f)(1). Moreover, Defendant has not demonstrated entitlement to belated commencement of the limitations period under § 2255(f)(2)–(4), equitable tolling, or excusing the limitations period because of actual innocence. Furthermore, because Defendant's motion is untimely, there is no need for the Court to conduct an evidentiary hearing.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(B), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Defendant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Defendant's claims under the *Slack* standard.

Under *Slack*, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable that Defendant's § 2255 motion is untimely. Therefore, a certificate of appealability will be denied. Therefore, the Court will deny Defendant a certificate of appealability. Moreover, although Defendant has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a

substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Defendant might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DISMISSED AS UNTIMELY**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A separate judgment will follow. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Dated:  May 21, 2025                                  /s/ Robert J. Jonker
                                                      Robert J. Jonker
                                                      United States District Judge